UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TDC National Assurance Company,<br><br>                        Petitioner,<br><br>            v.<br><br>Marsh USA, LLC (f/k/a Marsh USC Inc.),<br><br>                        Respondent. | 25-CV-8095 (DEH)<br><br>ORDER |

DALE E. HO, United States District Judge:

      Petitioner TDC National Assurance Company seeks enforcement of an arbitral subpoena issued to non-party Marsh USA, LLC (hereinafter "Marsh"). The petition is **DENIED**. As Petitioner notes, "[a]s the law presently stands, federal district courts are limited in their ability to compel non-party witnesses to appear at arbitration hearings if they do not reside within 100 miles of venue." Pet'r Resp. to Resp't Opp'n 9-10; *see also Broumand v. Joseph*, 522 F.Supp.3d 8, 23 (S.D.N.Y. 2021). While Marsh, which is headquartered in New York City, is clearly within the 100-mile radius, the Second Circuit has not offered guidance on the question of whether a corporate entity is a "person" pursuant to Rule 45. And authority in the District confronting the question whether a court may order a non-party to comply with an arbitration subpoena by designating a representative in the same manner as 30(b)(6) deponent has concluded that there is "no legal basis" to do so. *See Progenics Pharmaceuticals, Inc. v. IMS Consulting Group*, No. 1:14-mc-00245, ECF No. 16, at 28:21-25 (S.D.N.Y. Aug. 13, 2014).

Thus, while Petitioner argues that it would not be burdensome to compel such compliance here—and, based on the record, the Court sees no reason to disagree with that assessment—the Court concludes that it lacks authority to compel compliance with the arbitral subpoena in this case.

SO ORDERED.

Dated: October 17, 2025
       New York, New York

                                                    DALE E. HO
                                       United States District Judge